TATE, Judge.
This is a suit to recover the value of land allegedly appropriated by the defendant city for its civic auditorium center. The land had previously been donated to the city subject to a condition that it be used only for museum purposes.[1] The city appeals from adverse judgment.
On appeal, the two principal issues are: (1) Is this suit premature, since allegedly the site could still be used for museum purposes? and (2) Does the evidence on the merits support the trial court’s determination that the onerous donation was revoked by the city’s breach of the condition of the donation that it be used solely for museum purposes?
The donated land formed a tract with a 200-foot front by a depth of about 100 feet. Along the entire front, 29 feet has already been taken in connection with a road-widening project. The rest of the area is included within municipal lands set aside for a civic auditorium and outdoor recreational area.
The surface of the site has been raised some 10-12 feet through sand-filling. The lake-bed has been filled in to the rear of the donated land. The construction plans include utilization of part of the donated area for drainage and water main constructions. Plans approved in connection with financing the civic center complex include utilizing the remainder of the donated area for a parking area and for a beautification area immediately in front of the proposed auditorium.
*774 The city produced substantial evidence that, nevertheless, the donated land (so far as not included in the widened street) could still be used for a museum. The city argues that its proposed auditorium plans could be modified to permit utilization of the area for a museum.
On the other hand, there is substantial evidence that the area has been effectively appropriated for non-museum purposes. Under this evidence, the portion taken for the street and used for water main and drainage purposes so reduces the size of the site as to defeat the availability of the property for a museum.
Further, the development of the civic auditorium site contemplates use of the donated area for non-museum purposes. In view of the substantial progress made in connection with preparation of the site for the civic center, the lack of any formal or informal plans to use donated area for museum purposes is corroborative of the city’s appropriation of the land for other than the latter use. In this regard, we find it significant that, despite formal demand by the donors, the city refused to formally set aside this portion of the auditorium site for a museum.
Although the issue is close, we find no manifest error in the trial court’s holdings that, because of these inconsistent uses, (a) the property was appropriated for non-museum purposes, in violation of the condition of the donation (s), and (b) therefore this action is not premature.
No issue is made as to the trial court’s award of the value of the property appropriated, which was stipulated.
For the reasons assigned, we affirm the judgment of the trial court.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.
SAVOY, J., recused.
MILLER, J., is of the opinion that a rehearing should be granted limited to the issue of the expert fees which were taxed to defendant.

. The land was donated by several acts each containing an identical condition that it be used for museum, fine arts, etc., purposes, as designated by a non-profit corporation which would finance and construct the improvements thereupon. For simplicity of discussion, we designate the purposes of the donation as being for a museum.